PARKER & PARKER *vs.* W. E. SOULE COMPANY.

Cumberland.    Opinion May 10, 1924.

*The holder of a written agreement of sale of an automobile, conditioned that title shall remain in vendor until purchase price is paid in full, where the automobile is seized under Public Laws, 1921, Chapter 63, for illegal transportation of intoxicating liquor, and upon forfeiture proceedings was sold, the vendor making no appearance or claim in the forfeiture proceedings, loses such interest as he may have had in the automobile, and the County acquires full title.*

In the instant case had the plaintiff appeared and substantiated its claim at the forfeiture proceedings, only Maccaro's interest would have been forfeited, and as he had none the County could have acquired none.    *State* v. *Automobile,* 122 Maine, 280.

But since the plaintiff failed to appear and make claim in the forfeiture proceedings, these proceedings being in the nature of an action in rem and due notice thereof being given, the interest of Maccaro is deemed to be absolute, *State* v. *Paige Touring Car,* 120 Maine, 496, and the County acquired full title.

An action of tort for the conversion of an automobile. The plaintiff entered into a written agreement of sale of an automobile with one Maccaro, the purchase price to be made in installments, and the title to remain in plaintiff until the purchase price was paid in full. Nothing was paid. It was stipulated in the agreement that the car was not to be used for the transportation of intoxicating liquor. Maccaro used the automobile for the transportation of intoxicating liquor, was arrested, the automobile was duly seized and upon forfeiture proceedings legally had under Public Laws, 1921, Chapter 63, was sold by the proper officers to the defendant, the plaintiff making no appearance or claim in the forfeiture proceedings. Subsequently the defendant refused to return the car to the plaintiff on demand and this action was brought, and upon an agreed statement of facts, was submitted to the Law Court under R. S., Chap. 82, Sec. 47.    Judgment for the defendant.

The case is fully stated in the opinion.

*J. H. Berman, B. L. Berman and E. J. Berman,* for plaintiff.

*Ralph M. Ingalls, Clement F. Robinson, Carroll S. Chaplin and Franz U. Burkett,* for defendant.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, WILSON, DEASY, JJ.

CORNISH, C. J.  This is an action of tort for the conversion of one Buick Runabout Automobile of the value of $300 and is before the court on an agreed statement of facts, in accordance with R. S., Chap. 82, Sec. 47.  The agreed facts show that the plaintiff is a corporation under the laws of the State of Massachusetts with its only place of business in Boston in said State.  The defendant is a Maine Corporation having its place of business in Portland.

On April 23, 1923, the plaintiff and one Paul Maccaro, a resident of Massachusetts, entered into a written agreement of sale of the automobile in question, under which Maccaro agreed to pay the plaintiff three hundred and seventy-eight dollars, as follows: "one hundred and twenty-five dollars upon the execution of this agreement, and the balance of two hundred and fifty-three dollars in monthly installments  .  .  .  .  until this lease is paid in full." It was further agreed that "both the car and the title thereto shall not pass by such delivery, but are and shall remain vested in and be the property of the seller."

It is agreed that no part of the purchase price was paid.

In violation of an agreement not to use the car in the transportation of intoxicating liquor, which use was to create a breach of the conditions of said agreement, the conditional vendee did so use said automobile and was apprehended therefor in the County of Cumberland, the automobile was duly seized and upon forfeiture proceedings legally had it was sold by the proper officers to the defendant, the claimant here making no appearance or claim in those proceedings. Subsequently upon demand by the plaintiff for the return of the automobile and refusal by the defendant this action was brought.

The automobile was held by Maccaro under a conditional sale agreement and two at least of the important conditions thereof had been violated by the vendee.  He had made no payment as he had agreed and he had violated the condition in relation to transportation of intoxicating liquor, thereby entitling the plaintiff under the agreement to immediate possession of the machine.  We are concerned here only with the condition as to payment.

The proceedings for forfeiture were under Public Laws, 1921, Chapter 63, and the rules of law governing the rights of the parties are fully stated in *State* v. *Paige Touring Car*, 120 Maine, 496; *State* v. *Packard Motor Car Co.*, 121 Maine, 185; and *State* v. *Automobile*, 122 Maine, 280. In *State* v. *Paige,* supra, it was distinctly said: "In case no claimant appears the interest of the person unlawfully using said vehicle must under the Act be presumed to be absolute." The amendment created by Chapter 63 of the Public Laws of 1921, which was not in force when the Paige Touring Car case arose, relates only to the burden of proof, *State* v. *Packard Motor Car Co.*, supra, and in no way enlarges the right of a claimant who fails to appear and establish his claim in the forfeiture proceedings. The result therefore is in the pending case that as between the County and Maccaro the County would have acquired the property rights only of Maccaro by forfeiture, provided Parker & Parker had appeared and made claim, and as Maccaro appears to have had no interest because he had paid no part of the purchase price, the County under those circumstances could have acquired none, *State* v. *Automobile*, 122 Maine, 280, a case in which the claimant appeared to enforce his rights. But since Parker & Parker failed to appear and to make claim in the forfeiture proceedings, these proceedings being in the nature of an action *in rem* and due notice thereof being given, the interest of Maccaro must be presumed to be absolute under the authority of *State* v. *Paige Touring Car*, supra, and numerous cases therein cited. The alleged rights which the plaintiff had an opportunity to assert against the County, but failed to avail himself of, he now seeks to enforce against a bona fide purchaser from the County. This cannot be done. His rights had already been precluded, and the entry must be,

*Judgment for defendant.*